986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sherman L. SHAW, Appellant,
v.
U.S. GOVERNMENT, Appellee.
 No. 92-3044.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 28, 1993.
Filed: February 2, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sherman L. Shaw appeals from the district court's[1] grant of summary judgment for the United States in his action brought under the Federal Torts Claim Act (FTCA). We affirm.
 
 
 2
 In his complaint, Shaw alleged that, during skin-graft surgery performed on him in 1989, agents of the United States government implanted an electronic bug inside his left thigh. He alleged that this was part of a "pattern of invasions and electronic surveillance" perpetrated by federal and state law enforcement officers. He requested ten million dollars in damages.
 
 
 3
 The United States moved for summary judgment, alleging that FBI records indicated no surveillance of Shaw. In an attached affidavit, Randolph G. Prillaman, Section Chief of the Information Management Division of the FBI, stated that he had searched FBI files and found no record of any investigation of Shaw. In response, Shaw reiterated his allegations. The district court granted the United States' motion. Shaw appealed.
 
 
 4
 Reviewing the record de novo in a light most favorable to Shaw, we conclude the district court correctly granted summary judgment because the United States demonstrated that it was entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The United States presented evidence that it never planted a listening device in Shaw or targeted him for investigation. Shaw did not then meet his burden of setting forth specific facts showing that there was a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri